```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA


                                     :   MDL NO. 2179
IN RE: OIL SPILL by the OIL RIG      :
       "DEEPWATER HORIZON" in the    :
       GULF OF MEXICO, on            :
       APRIL 20, 2010                :   SECTION: J
                                     :
                                     :
                                     :   JUDGE BARBIER
                                     :   MAG. JUDGE SHUSHAN
.. .. .. .. .. .. .. .. .. .. .. .. . .. .. .. .. .. .. .. ..
```

**THIS DOCUMENT RELATES TO ALL CASES**

## PRETRIAL ORDER #1
### Setting Initial Conference

It appearing that civil actions listed on Schedule A, attached hereto, which were transferred to this Court by order of the Judicial Panel on Multi District Litigation pursuant to its order of August 10, 2010, merit special attention as complex litigation, it is, therefore, **ORDERED** that:

1. **INTRODUCTION** — It is not yet known how many attorneys will eventually join this litigation, but we can assume it will be a large number. As attorneys involved in a multi-district case, you will probably be laboring together for some time in the future with work progressively becoming more complicated and exacting. Some of you know each other and some are complete

strangers.  Undoubtedly each has a different style and
personality.  It is likely that during the course of this
litigation your working relationship will occasionally be
strained, communication derailed, and mutual trust questioned.
The just and efficient resolution of this litigation will depend
in large measure on the way you as attorneys comport yourselves
and overcome the temptations and trepidations inherent in a case
of this magnitude.  The Manual for Complex Litigation recognizes
that judicial involvement in managing complex litigation does not
lessen the duties and responsibilities of the attorneys.  To the
contrary, the added demands and burdens of this type of
litigation place a premium on professionalism and require counsel
to fulfill their obligations as advocates in a manner that will
foster and sustain good working relations among fellow counsel
and the Court.  The Court expects, indeed insists, that
professionalism and courteous cooperation permeate this
proceeding from now until this litigation is concluded.  The
court record should never be the repository of ill-chosen words
arising out of a sense of frustration over real or imagined
issues.  Because of the high level of competence and experience
of attorneys who are generally involved in multi-district
litigation, this Court is confident that this objective will be
achieved without judicial intervention.

2.  **APPLICABILITY OF ORDER** — Prior to the initial pretrial conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the Judicial Panel on Multi District Litigation pursuant to its order of August 10, 2010 listed on Schedule A.  This Order also applies to all related cases filed in all sections of the Eastern District of Louisiana and will also apply to any "tag-along actions" later filed in, removed to, or transferred to this Court.

3.  **CONSOLIDATION** — The civil actions listed on Schedule A are consolidated for pretrial purposes.  Any "tag-along actions" later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of Louisiana,  will automatically be consolidated with this action without the necessity of future motions or orders.   This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

4. **DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE** —
Matters relating to pretrial and discovery proceedings in these
cases will be addressed at an initial pretrial conference to be
held on **Friday, September 17, 2010 at 9:30 a.m.** in Judge Carl J.
Barbier's courtroom, Room C-268, United States Courthouse, 500
Poydras Street, New Orleans, Louisiana. Counsel are expected to
familiarize themselves with the *Manual for Complex Litigation,
Fourth* ("MCL 4th") and be prepared at the conference to suggest
procedures that will facilitate the expeditious, economical, and
just resolution of this litigation. The items listed in MCL 4th
Sections 22.6, 22.61, 22.62, and 22.63 shall, to the extent
applicable, constitute a tentative agenda for the conference.
Counsel shall confer and seek consensus to the extent possible
with respect to the items on the agenda, including a proposed
discovery plan, amendment of pleadings, and consideration of any
class action allegations and motions, and be prepared to select
trial dates. Parties shall also submit an initial proposed case
management order and, if necessary, shall submit suggestions for
any other agenda items. As part of this proposed case management
order, the parties shall suggest whether and how the consolidated
cases should be grouped into separate tracks for purposes of
pretrial discovery, motion practice, etc.

    These documents shall be delivered to the Court **three full
work days prior to the initial conference** by fax to (504) 589-

4536, or in person to Judge Carl J. Barbier's Chambers, Room C-256, United States Courthouse, 500 Poydras Street, New Orleans, Louisiana.

5.  **POSITION STATEMENT** — **Three full work days prior to the initial conference**, plaintiffs and defendants shall submit a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues.  These statements will not be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings.  The parties' statements shall list all pending motions, as well as all related cases pending in state or federal court, together with their current status, including any discovery taken to date, to the extent known.  The parties shall be limited to one such submission for all plaintiffs and one such submission for all defendants.

6.  **APPEARANCE AT INITIAL CONFERENCE** — Each party represented by counsel shall appear at the initial pretrial conference through their attorney who will have primary responsibility for the party's interest in this litigation. Parties not represented by counsel may appear in person or through an authorized and responsible agent.  To minimize costs

and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent their interest at the conference. A party, by designating an attorney to represent the party's interest at this initial conference, will not be precluded from personally participating or selecting other representation during the future course of this litigation, nor will attendance at the conference waive objections to jurisdiction, venue, or service.

7. **SERVICE** — Prior to the initial pretrial conference, service of all papers shall be made on each of the attorneys on the Panel Attorney Service List attached hereto and designated as Schedule B. Any attorney who wishes to have his/her name added to or deleted from such Panel Attorney Service List may do so upon request to the Clerk of this Court and notice to all other persons on such service list. The parties shall present to the Court at the initial conference a list of attorneys, their office addresses, phone and fax numbers, and e-mail addresses.

8. **EXTENSION AND STAY** — Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court. Pending the initial conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further

discovery shall be initiated.  Moreover, all pending motions must be renoticed for resolution on a motion day or days after the Court's initial conference herein.

9.  **MASTER DOCKET FILE** — Any pleading or document which is to be filed in any of these actions shall be filed with the Clerk of this Court and not in the transferor court.  The Clerk of this Court will maintain a master docket file under the style "In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010" and the identification "MDL No. 2179." When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases."  When a pleading is intended to apply to less than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates to."  The following is a sample of the pleading style:

In Re: Oil Spill by the Oil Rig       MDL No. 2179
       "Deepwater Horizon" in the
       Gulf of Mexico, on
       April 20, 2010                  SECTION: J

This Document Relates to: _____       Judge Barbier
                                      Mag. Judge Shushan

10.  **FILING** — All documents filed in this Court must be filed electronically pursuant to Local Rule 5.7E and this Court's Administrative Procedures for Electronic Filing.  Attorneys may

register at www.laed.uscourts.gov/cmecf/ecf.htm.  An attorney
who, due to exceptional circumstances, is unable to comply with
the requirements of electronic filing, may apply to the Court for
an order granting an exemption.  The application shall be in
writing, filed with the Clerk of Court, and shall state the
reason for the attorney's inability to comply.  Pro se litigants
who have not been authorized to file electronically shall
continue to file their pleadings with the Clerk of Court in the
traditional manner, on paper.  The Clerk of Court is directed to
make all entries on the master docket sheet with a notation
listing the cases to which the document applies, except that a
document closing a case will also be entered on the individual
docket sheet.  All documents shall be filed in the master file.

11.  **DOCKETING** — When an action that properly belongs as a
part of In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in
the Gulf of Mexico, on April 20, 2010 is hereinafter filed in the
Eastern District of Louisiana or transferred here from another
court, the Clerk of this Court shall:

> a.   File a copy of this Order in the separate file for
>      such action;
>
> b.   Make an appropriate entry on the master docket
>      sheet;
>
> c.   Forward to the attorneys for the plaintiff in the

newly filed or transferred case a copy of this
Order;

        d.    Upon the first appearance of any new defendant,
forward to the attorneys for the defendant in such
newly filed or transferred cases a copy of this
Order.

    12.  **APPEARANCES IN LITIGATION** — Counsel who appeared in a
transferor court prior to transfer need not enter an additional
appearance before this Court.  Moreover, attorneys admitted to
practice and in good standing in any United States District Court
are admitted *pro hac vice* in this litigation, and the
requirements of Local Rules 83.2.6E  and 83.2.7 are waived.
Association of local counsel is not required.

    13.  **REMAND STIPULATIONS** — In the event that a case is
remanded, the parties shall furnish to the Clerk of Court a
stipulation or designation of the contents of the record and
furnish all necessary copies of any pleadings filed so as to
enable the transferee clerk to comply with the order of remand.

    14.  **PRESERVATION OF EVIDENCE** — All parties and their
counsel are reminded of their duty to preserve evidence that may
be relevant to this action.  The duty extends to documents, data,

and tangible things in possession, custody and control of the
parties to this action, and any employees, agents, contractors,
carriers, bailees, or other nonparties who possess materials
reasonably anticipated to be subject to discovery in this action.
"Documents, data, and tangible things" is to be interpreted
broadly to include writings, records, files, correspondence,
reports, memoranda, calendars, diaries, minutes, electronic
messages, voice mail, e-mail, telephone message records or logs,
computer and network activity logs, hard drives, backup data,
removable computer storage media such as tapes, discs and cards,
printouts, document image files, Web pages, databases,
spreadsheets, software, books, ledgers, journals, orders,
invoices, bills, vouchers, check statements, worksheets,
summaries, compilations, computations, charts, diagrams, graphic
presentations, drawings, films, charts,  digital or chemical
process photographs, video, phonographic, tape or digital
recordings or transcripts thereof, drafts, jottings and notes,
studies or drafts of studies or other similar such material.
Information that serves to identify, locate, or link such
material, such as file inventories, file folders, indices, and
metadata, is also included in this definition.  Preservation
includes the obligation not to alter any such  thing as to its
form, content or manner of filing.  Until the parties reach an
agreement on a preservation plan or the Court orders otherwise,

each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. Each counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties of the contents of this paragraph. Failure to comply may lead to dismissal of claims, striking of defenses, imposition of adverse inferences or other dire consequences.

Before any devices, tangible things, documents, and other records which are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved. If counsel are unable to agree, any party may apply to this Court for clarification or relief from this Order upon reasonable notice.

15. **FILING OF DISCOVERY REQUESTS** — In accordance with Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the Clerk nor sent to the Judge's Chambers, except when specifically ordered by the Court to the extent needed in connection with a motion.

16. **LIAISON COUNSEL** — **Prior** to the initial conference, counsel for the plaintiffs and counsel for the defendants shall, to the extent they have not already done so, confer and seek consensus on the selection of a candidate for the position of liaison counsel for each group who will be charged with essentially administrative matters. For example, liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multi District Litigation pursuant to Rule 5.2(e) of the Panel's *Rules of Procedure* or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or set by the Court failing such agreement. Proposals for the designation of

liaison counsel shall be submitted to the Court no later than

**three full work days prior to the initial conference**.

Appointment of liaison counsel shall be made by the Court after
full consideration of the proposals.  At the first conference,
liaison counsel and/or the parties should be prepared to discuss
any additional needs for an organizational structure or any
additional matters consistent with the efficient handling of this
matter.

Until this Court names liaison counsel for MDL 2179, those
individuals who served as liaison counsel in the consolidated
action, In Re: Deepwater Horizon, No. 10-CV-1156 (E.D. La. 2010),
(James Roy and Stephen Herman for Plaintiffs, and Don K. Haycraft
for Defendants) will continue to serve in that capacity.

17.  **PLAINTIFFS' STEERING COMMITTEES** — It is the Court's
intent to appoint a Plaintiffs' Steering Committee ("PSC") to
conduct and coordinate the discovery stage of this litigation
with the defendant's representatives or committee.
Applications/nominations for the PSC positions must be filed with
the Eastern District of Louisiana's Clerk's Office electronically
on or before **Monday, September 27, 2010**.  A copy must also be
served upon counsel named in the attached list on the day of
filing.  The main criteria for membership in the PSC will be: (a)
willingness and availability to commit to a time-consuming

-13-

project; (b) ability to work cooperatively with others; and (c) professional experience in this type of litigation. Applications/nominations should succinctly address each of the above criteria as well as any other relevant matters.   No submissions longer than four (4) pages will be considered.   The Court will only consider attorneys who have filed a civil action in this litigation.

Objections may be made to the appointment of a proposed applicant/nominee.  Nevertheless, the Court will entertain only written objections to any application/nomination.  These must be filed electronically with the Clerk on or before **Monday, October 4, 2010**.  The objections, if there be any, must be short, yet thorough, and must be supported by necessary documentation.  As with the application/nomination, any objection must be served on all counsel appearing on the attached list on the day of filing.

The PSC will have the following responsibilities:

**Discovery**

1. Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multi-district litigation.

2. Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

-14-

3. Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial discovery of relevant issues found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by the individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

4. Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs.

**Hearings and Meetings**

1. Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matters pertaining to pretrial proceedings.

2. Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

3. Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any

plaintiff's counsel to present non-repetitive
individual or different positions.

## **Miscellaneous**

1. Submit and argue any verbal or written motions
   presented to the Court or Magistrate on behalf of the
   PSC as well as oppose when necessary any motions
   submitted by the defendants or other parties which
   involve matters within the sphere of the
   responsibilities of the PSC.

2. Negotiate and enter into stipulations with Defendants
   regarding this litigation. All stipulations entered
   into by the PSC, except for strictly administrative
   details such as scheduling, must be submitted for Court
   approval and will not be binding until the Court has
   ratified the stipulation. Any attorney not in
   agreement with a non-administrative stipulation shall
   file with the Court a written objection thereto within
   ten (10) days after he/she knows or should have
   reasonably become aware of the stipulation. Failure to
   object within the term allowed shall be deemed a waiver
   and the stipulation will automatically be binding on
   that party.

3. Explore, develop, and pursue all settlement options
   pertaining to any claim or portion thereof of any case

filed in this litigation.

4. Maintain adequate files of all pretrial matters,
including establishing and maintaining a document or
exhibit depository, in either real or virtual format,
and having those documents available, under reasonable
terms and conditions for examinations by all MDL
Plaintiffs or their attorneys.

5. Prepare periodic status reports summarizing the PSC's
work and progress. These reports shall be submitted to
the Plaintiff's Liaison Counsel who will promptly
distribute copies to the other plaintiffs' attorneys.

6. Perform any task necessary and proper for the PSC to
accomplish its responsibilities as defined by the
Court's orders, including organizing subcommittees
compromised of plaintiffs' attorneys not on the PSC and
assigning them tasks consistent with the duties of the
PSC. Membership on these subcommittees shall be
subject to the approval of the Court. Compensation for
work performed by these subcommittees and the approved
cost will be paid by common benefit funds.

7. Perform such other functions as may be expressly
authorized by further orders of the Court.

8. Reimbursement for costs and/or fees for services will
be set at a time and in a manner established by the

Court after due notice to all counsel and after a
hearing.

18. **DEFENDANTS' STEERING COMMITTEES** — This Court will
consider the recommendations of the defendants for membership on
the defendants steering committee.  Defendants Steering Committee
will have the duties and responsibilities described in Paragraph
17 of this order as it pertains to this respective group.

19. **MDL 2179 WEBSITE** — A website particular to MDL 2179
will be created and will be accessible by going to this Court's
website located at [www.laed.uscourts.gov](www.laed.uscourts.gov) and clicking on the link
for MDL Cases.  The website will contain forms, court orders,
minute entries, a calendar of upcoming events, and other relevant
information.  Once the website is created, the court will issue
an order containing the direct link to the website.

20. **COMMUNICATION WITH THE COURT** — Unless otherwise ordered
by this Court, all substantive communications with the Court
shall be in writing, with copies to opposing counsel.
Nevertheless, the Court recognizes that cooperation by and among
plaintiffs' counsel and by and among defendants' counsel is
essential for the orderly and expeditious resolution of this
litigation.  The communication of information among and between

plaintiffs' counsel and among and between defendants' counsel
shall not be deemed a waiver of the attorney-client privilege or
the protection afforded attorney's work product, and cooperative
efforts contemplated above shall in no way be used against any
plaintiff by any defendant or against any defendant by any
plaintiff.  Nothing contained in this provision shall be
construed to limit the rights of any party or counsel to assert
the attorney-client privilege or attorney work product doctrine.

New Orleans, Louisiana, this __10th__ day of __August__, 2010.

_____

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

-19-

|                                  |   |                       |
|----------------------------------|---|-----------------------|
|                                  | : | MDL NO. 2179          |
| IN RE: OIL SPILL by the OIL RIG  | : |                       |
| "DEEPWATER HORIZON" in the       | : |                       |
| GULF OF MEXICO, on               | : |                       |
| APRIL 20, 2010                   | : | SECTION: J            |
|                                  | : |                       |
|                                  | : |                       |
|                                  | : | JUDGE BARBIER         |
|                                  | : | MAG. JUDGE SHUSHAN    |

.. .. .. .. .. .. .. .. .. .. .. .. .. . .. .. .. .. .. .. .. ..

**THIS DOCUMENT RELATES TO ALL CASES**

## PRETRIAL ORDER #1 (AMENDMENT)
### Setting Initial Conference

The Court **ORDERS** that Paragraph 4 of Pretrial Order #1 be **AMENDED** to state the following:

4. **DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE** — Matters relating to pretrial and discovery proceedings in these cases will be addressed at an initial pretrial conference to be held on **Thursday, September 16, 2010 at 2:30 p.m.** in Judge Carl J. Barbier's courtroom, Room C-268, United States Courthouse, 500 Poydras Street, New Orleans, Louisiana. Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. The items listed in MCL 4th

Sections 22.6, 22.61, 22.62, and 22.63 shall, to the extent applicable, constitute a tentative agenda for the conference. Counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan, amendment of pleadings, and consideration of any class action allegations and motions, and be prepared to select trial dates. Parties shall also submit an initial proposed case management order and, if necessary, shall submit suggestions for any other agenda items. As part of this proposed case management order, the parties shall suggest whether and how the consolidated cases should be grouped into separate tracks for purposes of pretrial discovery, motion practice, etc.

These documents shall be delivered to the Court **three full work days prior to the initial conference** by fax to (504) 589-4536, or in person to Judge Carl J. Barbier's Chambers, Room C-256, United States Courthouse, 500 Poydras Street, New Orleans, Louisiana.

New Orleans, Louisiana, this  16th  day of   August  , 2010.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

-2-

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE GULF | * | |
| OF MEXICO ON APRIL 20, 2010 | * | SECTION "J" |
| | * | |
| | * | JUDGE BARBIER |
| | * | |
| | * | MAGISTRATE JUDGE SHUSHAN |
| | * | |
| | * | THIS DOCUMENT RELATES TO |
| | * | ALL CASES |

## ORDER

On August 20, 2010, the Court held a Status Conference with Plaintiffs' and Defendants' Interim Liaison Counsel, and Mike Underhill, representing the United States. Based on the record and the argument of counsel:

**IT IS HEREBY ORDERED** that:

Paragraph 14 of Pretrial Order No. 1 is hereby amended with respect to **physical evidence** – the drill pipe that is the subject of a fishing operation (and not the blowout preventer) -- presently located on or near the seabed area of the Macondo Well located in Mississippi Canyon Block No. 252:

1. All physical evidence recovered will be preserved and all recovery, transportation and storage of recovered items shall minimize damage and deterioration potential for recovered items;

2. No metallurgical analysis or other potentially destructive testing on any such recovered physical evidence will be conducted without first providing Plaintiffs and other interested parties the earliest practicable notice of any such proposed analysis or testing, and providing the

protocol for any such analysis or testing, and the opportunity to request attendance any such proposed analysis or testing, and without further order of the Court;

3. BP Exploration & Production Inc. shall, consistent with the Court's earlier Order in *Roshto*, 10-1156 c/w 10-1196, maintain a log/summary of each action relating to the recovery and transport of the physical evidence so recovered;

4. Shall any modification or repair of the physical evidence be necessary to accomplish the operational objectives under the Unified Command's protocol(s), such evidence shall be comprehensively measured, photographed and otherwise documented in an appropriate way prior to any such alteration, modification, or repair to the extent practicable under the operational circumstances;

5. Any and all such logs/summaries, as well as any and all photographs, measurements, videotape, film, diagrams, 3-D analysis, wall thickness readings, and/or other documentation of the recovery and/or chain of custody shall be produced to Interim Liaison Counsel for Plaintiffs and Defendants;

6. The preceding paragraph shall not limit federal authorities with respect to establishment and maintenance of additional chain of custody and/or evidence documentation procedures maintained by federal authorities; and

7. The Court recognizes the ongoing well control, remedial, and physical evidence recovery efforts, and does not intend by this Order to restrict or direct activities of any of the Defendants or the Unified Command in the well control efforts, all remedial activities, and physical evidence recovery from Macondo Well 252.

New Orleans, Louisiana, this 20th day of August, 2010.

_____

**CARL J. BARBIER**
**UNITED STATES DISTRICT JUDGE**